# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 4, 2009

137354

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

CHURCH & CHURCH INC.,
          Plaintiff-Appellee,

v

A-1 CARPENTRY,
          Defendant,

and

FGR PROPERTIES, LLC, AKRS PROPERTIES
INVESTMENT, LLC, BAN CASSAB,
          Third-Party Defendants/Appellees,

and

CHARTER ONE BANK and FOX BROTHERS,
          Defendants-Appellees,

and

C & R PLUMBING & HEATING, INC.,
          Defendant-Appellant,

and

HOMEOWNERS CONSTRUCTION LIEN
RECOVERY FUND,
          Appellee,

and

SATISH DOSHI and AARTI DOSHI,
          Cross-Defendants/Appellees,

_____/

SC: 137354
COA: 275823
Oakland CC: 2003-048315-CH

On order of the Court, the application for leave to appeal the August 19, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM that part of the judgment of the Court of Appeals that held that C & R Plumbing & Heating, Inc.'s (C & R) lien was extinguished because it did not name Sterling Bank as a defendant in its cross-complaint. We also AFFIRM, but for a reason other than that stated by the Court of Appeals, that the circuit court correctly denied C & R's motion to amend to add the Homeowner Construction Lien Recovery Fund (the "Fund") as a party because the amendment would have been futile. In reaching this conclusion, the Court of Appeals ruled that C & R had admittedly failed to name the Fund as a defendant, which MCL 570.1203, as amended in 2006, requires, within the one-year limitations period of MCL 570.1117. The Court of Appeals erred in doing so, because the pre-amendment version of MCL 570.1203 applies to this case, and that version of the statute does not mandate that the Fund be named as a defendant within MCL 570.1117's one-year statute of limitations. Accordingly, we VACATE that part of the Court of Appeals analysis. We note, however, that pursuant to MCL 570.1203(3)(a), to recover from the Fund on its lien, C & R must establish that it would be "entitled to a construction lien . . . except for the defense provided in subsection (1)." Because C & R did not name Sterling Bank, its lien is not enforceable, and C & R cannot satisfy MCL 570.1203(3)(a). For this reason, we agree with the Court of Appeals that C & R's motion to amend was futile.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 4, 2009

Clerk

s0128